GEORGE KNIGHT *vs.* SCOTT DYER.

Two deeds, executed and delivered at the same time by the same grantor to different grantees, one conveying one parcel of real estate with an easement in another parcel, and the other deed conveying the latter parcel but reserving the easement, are to be construed together.

A party claiming an easement in land without right, acquires the right by a deed of confirmation from the owner in which he "confirms, acknowledges, and grants" the easement to be used by the grantee, his heirs and assigns, "without denial, obstruction, or hinderance."

Though a deed of land with an unrecorded bond of defeasance constitutes a mortgage as between the parties, yet as to the public without notice, the grantor is as of record, the owner of the fee.

When such owner conveys an easement in the premises, even without consideration, and his grantee conveys it to a third person for a valuable consideration, the grantees having no knowledge of the bond of defeasance, the last grantor acquires such title as the record gives him.

ON REPORT.

CASE for the obstruction of a way across the defendant's farm, which the plaintiff claimed the right to use.

The facts upon which the decision is based are sufficiently stated in the opinion.

*Davis & Drummond*, for the plaintiff.

*J. D. & F. Fessenden*, for the defendant.

The deed of John Trundy expressly describes the cove to which the plaintiff has his right of way ; as the deeds under which both

parties claim constitute but one transaction, they must be construed together. And as the way reserved in the John Trundy deed is not the one obstructed by the defendant, the plaintiff cannot complain, unless he acquired rights under the deed from Jordan to Keazer.

But that was merely a deed of confirmation confirming what rights Keazer already had. As he had no rights to the way in question, he acquired none by that deed.

Again, Jordan was only mortgagee. Holding in trust and conveying without consideration, nothing passed by his deed. As to all but Jordan, Trundy was the owner of the fee.

APPLETON, C. J. In 1840, William Trundy, the elder, owned both the plaintiff's and defendant's farms. The plaintiff's farm was on the highway. The defendant's on the sea-shore. Other farms were between these two, over which there was a road leading from one to the other and over the lower farm to the sea-shore. There were three coves on the defendant's farm, named Carty's cove, Fore cove, and Back cove.

On 11th June, 1840, William Trundy, senior, conveyed the plaintiff's farm to his son William, and with it " the privilege at all times of taking from the cove at my lower place, called Carty's cove, sea-dressing, such as may be brought into said cove from time to time by the sea, together with the privilege of passing and repassing with teams and carts or otherwise to and from said cove on the road through said land as it is now travelled."

On the same day, Trundy, senior, conveyed to his son John the lower farm " beginning at the north-east corner of John Johnson's land, thence by said land to the sea at a cove called Carty's cove, thence by the sea to John Peable's land, thence by said Peable's land to the first-mentioned bounds containing twenty-two acres more or less,—expressly reserving a privilege at all times of passing with teams or carts or otherwise to and from said cove and taking therefrom such sea-dressing as may from time to time be brought into said cove by the seas, which privilege has already been conveyed by me to my son William."

These deeds were executed and delivered at the same time. They are to be construed together. The "said cove" in the deed to John Trundy refers to Carty's cove. It can refer to no other. The deed to William Trundy expressly refers to Carty's cove. We think the fair and obvious construction of both deeds leads to the unavoidable conclusion that the right to take sea-weed was reserved in Carty's cove.

But it seems that Fore cove was sometimes called Carty's cove, and the plaintiff's grantor claimed the right to take sea-weed in that cove.

A dispute having thus arisen, Rufus Jordan, 2d, having the title to the farm deeded to John Trundy, gave, on 3d December, 1854, a deed to Reuben Keazer, who then owned the William Trundy, jr., farm, on the following terms: "Whereas, John Trundy, of Cape Elizabeth, in the county of Cumberland, conveyed to one Rufus Jordan, 2d, a tract of land in said Cape Elizabeth, lying on the sea-shore, and including a cove on the easterly side of said lot to which a road has for many years led across said land and traveled for the purpose of getting dressing among other things, which flows in from the sea; and whereas, Reuben Keazer, of said Cape Elizabeth, owns a parcel of land near the above which heretofore had the privilege connected with it for the owner to pass over the road aforesaid for the purpose of getting dressing.

Now I, the said Rufus Jordan, 2d, for the purpose of removing all doubt in regard to the right of said Keazer to use the road aforesaid, do hereby ratify, confirm, and acknowledge and grant unto the said Keazer, his heirs and assigns, in common with myself, my heirs and assigns, and no other persons, the sole right and privilege to pass and repass for himself, his servants and teams, over the road traveled as aforesaid across my said land for the purpose of taking and removing from said cove to which said road leads, the dressing which may flow into the same from the sea, without denial, obstruction, or hinderance," &c.

This gives the right to take sea-weed from the cove and to pass over the road obstructed by the defendant. It grants the right to pass and repass without denial, obstruction, or hinderance.

It is argued that this is simply a deed of confirmation, and that it could only confirm what had been previously granted, but that it could not enlarge the rights of the grantee. But Lord Coke says, " a confirmation is a conveyance of an estate or right *in esse* whereby a voidable estate is made sure and unavoidable; or where a particular estate is increased."

But here is not merely a confirmation, but there is a grant and a right to pass and repass over a designated road " without denial, obstruction, or hinderance." "And here is to bee observed," says Lord Coke, " that some words are large and have a generall extent, and some have a proper and particular application. The former sort may contain the latter; as *dedi* or *consessi*, may amount to a grant, a payment, a gift, a release, a confirmation, a surrender, &c., and it is the election to use to which of these purposes he will." Co. Lit. 301 b.

But it is said that Jordan, at the date of the deed, was only mortgagee, and that the mortgage was paid at the maturity of the note, to secure which it was given.

Although Jordan had, at the date of the deed to Keazer, the record title to the John Trundy farm, it seems that he had given a bond of even date with the deed of Trundy to him to re-convey the premises to him upon repayment of the amount loaned at maturity. It does not appear that the bond was recorded. It does not appear that the deed to Jordan was recorded. The amount due was seasonably paid, and there was no forfeiture of the bond. But the deed from Jordan to Keazer was executed and recorded before the payment and before the release from Jordan to Trundy. As between Trundy and Jordan, this transaction constituted a mortgage. As to the public, so far as was disclosed by the record, Jordan had an estate in fee.

Both Keazer and the plaintiff testify that they were ignorant of any right of John Trundy to redeem. The plaintiff then is to be regarded as a *bona fide* purchaser, and is entitled to hold such title as the record gives him.

On the third of April, 1856, Reuben Keazer conveyed to the

plaintiff the William Trundy farm, using the following words in relation to the right to pass and repass for the purpose of obtaining sea-weed : " Also the privilege of taking at all times from the cove where the road leads to the sea across said Trundy's farm, sea-dressing, such as may be brought into said cove from time to time by the seas, together with the privilege of passing and repassing with teams or carts, or otherwise, to and from said cove into the road as it is now traveled across the Trundy farm,—meaning and intending to convey all the premises, rights, and privileges which are conveyed to me by William Trundy's deed, dated October 6, 1861, recorded in the Cumberland registry book 232, p. 541, to which for any further particulars reference is hereby made. By the privilege above conveyed, I intend only to convey what was confirmed to me by deed from Rufus Jordan, 2d, dated December 3, 1854."

By this deed the plaintiff acquired the right to pass over the road obstructed by the defendant. It matters not that Keazer paid nothing for the deed of Jordan to him. The plaintiff is entitled to hold what the record gives him. His grantor acquired from Jordan, while the fee as of record was in him, the right to pass and repass. That right he conveyed to the plaintiff, and the defendant has prevented his exercising it.        *Judgment for plaintiff.*

CUTTING, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.