STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-05-049

JARED NIGHTINGALE and
KIMBERLY NIGHTINGALE,

Plaintiffs

v.

DECISION AND ORDER

DANIEL B. MYSHRALL, JR.
and JEAN MYSHRALL,

Defendants

This matter is before the court after bench trial.

By their complaint, plaintiffs request declaratory judgment, an injunctive order prohibiting trespass on their land by defendants and damages for intentional and willful trespass.

In 1949, one Richard D. Tillotson and Alice I. Tillotson acquired a large parcel of land on the west side of what was then known as the Old Bath Road in the town of Pittston in this county. The Old Bath Road is now known as the Cedar Grove Road. On March 24, 1971, Alice I. Tillotson, in her own right and as survivor of Richard D. Tillotson, conveyed two parcels of land from the larger parcel, both to her sons and wives. To her son Daniel B. Myshrall and his wife Sylvia H. Myshrall she conveyed a lot next westerly of her home lot some 240 feet west of the Old Bath Road with the dimensions of 166 feet on the east and west and 905 feet on the north and south. The description contains a monument being a rock wall on the southerly border of her home lot and a fence as a continuation of that rock wall on the southerly border of the lot conveyed to Daniel, et al.

In that warranty deed, she also conveyed, "A twenty (20') foot right-of-way to the Grantees herein from the Old Bath Road, so-called, to the lot herein conveyed." On that same date, Ms. Tillotson conveyed to another son and his wife, Fred C. Tillotson and Bertha E. Tillotson, a parcel next northerly of her home lot abutting the west side of the Old Bath Road some 1,145 feet on the north and south boundary and 166 feet on the east and west. In this deed, she excepted and reserved "A twenty (20') right-of-way over these premises to the lot of one Daniel B. Myshrall as conveyed by deed of Alice I. Tillotson to the said Myshrall." Both parcels referenced the deed to Richard D. Tillotson and Alice I. Tillotson by Arthur B. Campbell in 1949. The result of these deeds was a rectangle on the west side of the Old Bath Road with the north 166 feet owned by Fred Tillotson and spouse and the westerly 905 feet of the southerly portion of the rectangle owned by Daniel Myshrall and spouse, Alice I. Tillotson retaining a parcel 240 feet on the north and south and 166 feet on the east and west next abutting the west side of the Old Bath Road. As a result, the Daniel Myshrall parcel, landlocked from the highway, has the benefit of a 20-foot right-of-way over the parcel of Fred C. Tillotson to access the Old Bath Road from the rear lot.

Unfortunately, for reasons not entirely clear to this court for lack of evidence precisely to the point, Alice I. Tillotson executed and recorded what has been characterized as a corrective deed dated August 2, 1975, in which, except for minor variations not relevant to this discussion, she purported to convey to Daniel B. Myshrall and Sylvia H. Myshrall the identical parcel conveyed in 1971 but, unfortunately, also containing the language of the 20 foot right-of-way and using the identical language, "A twenty (20') right-of-way to the Grantees herein from the Old Bath Road, so-called, to the lot herein conveyed." In 1975, Alice I. Tillotson owned the home lot, being the parcel next easterly of the Daniel Myshrall lot and the only property retained by her

which could be subject to an interpretation of the right to the right-of-way from the rear parcel. This serious error of real estate draftsmanship has created this litigation.

As a result of the 1971 deeds, Daniel B. Myshrall and spouse caused to be constructed a driveway consistent with the 20-foot right-of-way granted abutting the northerly boundary of the remaining home lot of Alice I. Tillotson along the south edge of the Fred Tillotson piece, from the border of the Daniel Myshrall lot to the Old Bath Road. During the period of ownership of Daniel B. Myshrall and subsequent owners, they used that driveway as access to the highway. In April of 1998, one Brady R. Palmer acquired the Alice I. Tillotson home lot from the Nationscredit Financial Services Corp. Apparently acting on the language appearing in the 1975 Alice I. Tillotson deed to Daniel Myshrall, the bank quit claim deed with covenant contains the following language: "The above-described parcel may be subject to a twenty (20) foot wide right-of-way. Reference is made to a deed recorded in said Registry in Book 1837, Page 343." This reference is the 1975 deed which has been identified by the court to create the misunderstanding.

In December of 1998, Mr. Palmer, having acquired the property from Nationscredit Financial Services Corp., entered into a boundary line agreement with Daniel B. Myshrall and Sylvia H. Myshrall in which the adjoining property owners entered into a mutual boundary line agreement based upon surveyed metes and bounds. The document is silent as to any rights-of-way and does not purport to convey any property rights except to release and quit claim any interest in the real estate abutting and lying to the opposite side of the line in question from each grantor. From testimony of Michael Tillotson, it is clear that the boundary line is intended to be on the

southerly edge of the driveway which is the clearly marked 20 foot right-of-way first established by joint deeds in 1971 over land then conveyed to Mr. Tillotson.[1]

On December 24, 1998, some eight days after the execution date of the boundary line agreement, Brady R. Palmer conveyed the original Alice I. Tillotson home lot to the plaintiffs. The description utilized is that first appearing in the boundary line agreement including that the parcel "may or may not be" subject to a 20 foot right-of-way and making reference to the 1975 Alice I. Tillotson deed. Some time in 1998, the defendants, who had acquired the lot originally conveyed by Alice I. Tillotson to her son and wife Daniel B. Myshrall, Sr. and Sylvia Myshrall, caused to be constructed a driveway along the southerly boundary of the Nightingale lot between the Nightingale's driveway and the stonewall appearing as a monument of the southerly line of the lot in the original Alice I. Tillotson deeds. The defendants are relying upon the 1975 Alice I. Tillotson deed conveying a 20-foot right-of-way at a time when she owned the plaintiffs' lot. In said construction, the defendants destroyed a number of ornamental trees, shrubs and flowers originally planted and maintained by Alice I. Tillotson. This construction and use of that driveway is the subject of the present matter before this court.

Construction of a deed is a question of law. *Bennett v. Tracy*, 1999 ME 165, ¶ 7, 740 A.2d 571. This court must give the words their "general and ordinary" meaning. *Rhoda v. Fitzpatrick*, 655 A.2d 357 (Me. 1995). In doing so, the court first looks to the language within the four corners of the instrument. *Rancourt v. Town of Glenburn*, 635 A.2d 964 (Me. 1993). If the language of the deed is unambiguous, the court must construe the deed without considering extrinsic evidence of the intent of the parties. *Id.* If the deed is ambiguous, then the court must admit extrinsic evidence of the parties'

---

[1] This boundary line agreement references the book and page of the 1975 deed as the recording information of the 1971 deed, clearly a drafting error.

intent. *Northern Utilities Inc. v. City of So. Portland*, 536 A.2d 1116 (Me. 1988). *See also Pettee v. Young*, 2001 ME 156.

The original conveyances by Alice I. Tillotson to her sons Daniel B. Myshrall, Sr. and Fred C. Tillotson are by deeds with no ambiguity arising out of a clear examination. When deeds are executed together and delivered at the same time by the same grantor to different grantees, one deed conveying one parcel with an easement across the other, the deeds are to be construed together. *Knight v. Dyer*, 57 Me. 174 (1869). Partition deeds simultaneously executed are to be construed together to resolve their meaning. *Mitchell v. Smith*, 67 Me. 338 (1876). These two simultaneous transactions unequivocally conveyed to the parties titles to two separate parcels of land to two separate grantees with a dominant and servient estate, one parcel subject to the right-of-way accruing to the benefit of the other. Under the circumstances that existed in 1971, there can be only one interpretation: to Daniel Myshrall she conveyed a 20-foot right-of-way to the Old Bath Road to the lot herein conveyed. To Fred C. Tillotson she excepted and reserved a 20-foot right-of-way over the premises conveyed to Tillotson to the lot of Daniel B. Myshrall. Since that circumstance is unambiguous, the 20-foot right-of-way to run to the benefit of the Myshrall lot is clearly over the property of the subsequent Tillotson lot in exactly the location of the driveway as constructed by Myshrall, Sr.

What, then, is the court to make of the 1975 deed when it purports to convey to Daniel Myshrall, Sr. a lot already conveyed to him four years earlier but containing language appearing to convey a 20 foot right-of-way over her home lot in which she was still residing? The 1975 deed is described as a corrective deed and omits from the original description certain references to the property of Fred Goud, purportedly to be the westerly neighbor of these parcels in question. In 1975, the deed also makes reference to other land of the grantor. While the evidence is not clear, it would appear

that it was an attempt to resolve any issues of the easterly and westerly boundaries of the Daniel B. Myshrall, Sr. parcel. Since Alice I. Tillotson had already conveyed a 20-foot right-of-way to that parcel which had been constructed and in use for a period of years, the right-of-way language existing in the 1975 deed creates a substantial ambiguity and the court must look to extrinsic evidence to explain.

Defendants argue that the 1975 Alice I. Tillotson so-called corrective deed is a deed of confirmation. A confirmation is a conveyance of an estate or right *in esse* whereby a voidable estate is made sure and unavoidable; or where a particular estate is increased. *Knight v. Dyer*, 57 Me. 174, 177 (1869).[2] Defendants would argue that language simply confirms the existence of a 20 foot right-of-way as conveyed by Alice I. Tillotson over her home lot, the parcel to the south of the Tillotson lot and to the east of the Daniel B. Myshrall, Sr. lot.

The deed cannot confirm what never existed. The multiple years of development and residential use since 1971 make it overwhelmingly clear that the 20-foot right-of-way to the Daniel B. Myshrall, Sr. lot, now owned by the defendants, is the driveway to the north of the Alice I. Tillotson lot, now the plaintiffs' lot, what is known as Misery Lane. References to the road to the north of the lot conveyed to Fred C. Tillotson as the Dump Road are irrelevant. References to a pathway from the highway to a "bottle dump," a "farm dump," or a "cattle path," are also irrelevant. The right-of-way was deeded by a grantor holding such property rights as could be conveyed, the right-of-way was constructed and the right-of-way has been utilized for years. Not until Mr. Palmer acquired the property and resolved his boundary line between himself and the predecessor-in-title to the defendants has the idea that there exists over the plaintiffs' property a right to construct a driveway.

---

[2] *"In esse"* is a Latin phrase meaning "in actual existence." Black's Law Dictionary, 7th Ed.

The entry will be:

Judgment for the plaintiffs; it is DECLARED that the plaintiffs' real property on the west side of the Cedar Grove Road in the town of Pittston as acquired by warranty deed of joint tenancy from Brady R. Palmer dated December 24, 1998, and recorded in Kennebec Registry of Deeds Book 5826, Page 214, is free and clear of any right-of-way, easement or right of passage of defendants Daniel B. Myshrall, Jr. and Jean Myshrall; defendants are hereby PERMANENTLY ENJOINED from committing any further trespass on land of the plaintiffs at the location subject to this litigation; a hearing on damages for the intentional and willful trespass by defendants on property of the plaintiffs shall be scheduled by the clerk for the court to enter final judgment.

Dated: June ___, 2007

Donald H. Marden
Justice, Superior Court

JARED NIGHTINGALE  - PLAINTIFF
RR 4 BOX 7370
GARDINER ME 04345
Attorney for: JARED NIGHTINGALE
DONALD J GASINK  - RETAINED 05/12/2005
LAW OFFICES OF DONALD J GASINK
82 WINTHROP STREET
AUGUSTA ME 04330


KIMBERLY NIGHTINGALE  - PLAINTIFF
RR 4 BOX 7370
GARDINER ME 04345
Attorney for: KIMBERLY NIGHTINGALE
DONALD J GASINK  - RETAINED 05/12/2005
LAW OFFICES OF DONALD J GASINK
82 WINTHROP STREET
AUGUSTA ME 04330


vs
DANIEL B MYSHRALL JR - DEFENDANT
RR 4 BOX 7368
GARDINER ME 04345
Attorney for: DANIEL B MYSHRALL JR
WADE A RILEY  - RETAINED
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330

JEAN MYSHRALL  - DEFENDANT
RR 4 BOX 7368
GARDINER ME 04345
Attorney for: JEAN MYSHRALL
WADE A RILEY  - RETAINED
FARRIS FOLEY & DICK
88 WINTHROP STREET

AUGUSTA ME 04330

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: TRESPASS
Filing Date: 05/12/2005

## Docket Events:

05/12/2005 FILING DOCUMENT - COMPLAINT FILED ON 05/12/2005

05/12/2005 Party(s):  JARED NIGHTINGALE
           ATTORNEY - RETAINED ENTERED ON 05/12/2005
           Plaintiff's Attorney: DONALD J GASINK

05/12/2005 Party(s):  DANIEL B MYSHRALL JR
           ATTORNEY - RETAINED ENTERED ON 05/12/2005

05/12/2005 Party(s):  KIMBERLY NIGHTINGALE
           ATTORNEY - RETAINED ENTERED ON 05/12/2005

Plaintiff's Attorney: DONALD J GASINK

05/12/2005 Party(s):  JARED NIGHTINGALE,KIMBERLY NIGHTINGALE
SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 05/12/2005
Plaintiff's Attorney:  DONALD J GASINK

05/12/2005 Party(s):  DANIEL B MYSHRALL JR
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/05/2005

05/12/2005 Party(s):  JEAN MYSHRALL
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/05/2005

05/24/2005 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
RESPONSIVE PLEADING - ANSWER FILED ON 05/20/2005

07/26/2005 HEARING - PRETRIAL/STATUS REQUESTED ON 06/30/2005
Plaintiff's Attorney:  DONALD J GASINK

07/26/2005 HEARING - PRETRIAL/STATUS SCHEDULED FOR 08/30/2005 @ 1:00  in Room No.  1

07/26/2005 HEARING - PRETRIAL/STATUS NOTICE SENT ON 07/25/2005
ATTY GASINK AND EACH DEF                                          8/2/05 JEAN
MYSHRALL'S COPY RETURNED BY USPS NOT DELIVERABLE AS ADDRESSED  8/02/05 DANIEL MYSHRALL'S
COPY RETURNED BY USPS NOT DELIVERABLE AS ADDRESSED

09/29/2005 HEARING - PRETRIAL/STATUS HELD ON 08/30/2005
RAE ANN  FRENCH , JUDGE

09/29/2005 ORDER - PRETRIAL/STATUS ENTERED ON 08/30/2005
RAE ANN  FRENCH , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
GASINK AND DEF

09/29/2005 TRIAL - BENCH SCHEDULED FOR 11/23/2005 @ 2:00  in Room No.  2
2 HOUR FINAL HEARING

09/29/2005 TRIAL - BENCH NOTICE SENT ON 09/29/2005
ATTY GASINK AND DEFENDANTS

10/11/2005 Party(s):  JARED NIGHTINGALE,KIMBERLY NIGHTINGALE
MOTION - MOTION TO CONTINUE FILED ON 10/11/2005
Plaintiff's Attorney:  DONALD J GASINK
TRIAL DATE OF 11/23/05 @ 2:00 PM

10/19/2005 Party(s):  JARED NIGHTINGALE,KIMBERLY NIGHTINGALE
MOTION - MOTION TO CONTINUE GRANTED ON 10/11/2005
RAE ANN  FRENCH , JUDGE
COPIES TO PARTIES/COUNSEL

10/19/2005 TRIAL - BENCH CONTINUED ON 10/11/2005
RAE ANN  FRENCH , JUDGE

10/19/2005 TRIAL - BENCH SCHEDULED FOR 12/07/2005 @ 2:00  in Room No.  2

10/19/2005 TRIAL - BENCH NOTICE SENT ON 10/19/2005
        ATTY GASINK AND EACH DEF

10/31/2005 TRIAL - BENCH RET. UNDELIVERABLE ON 10/25/2005
        BOTH DEFENDANTS COPIES

11/30/2005 Party(s):  DANIEL B MYSHRALL JR
        ATTORNEY - RETAINED ENTERED ON 11/22/2005
        Defendant's Attorney: WADE A RILEY

11/30/2005 Party(s):  JEAN MYSHRALL
        ATTORNEY - RETAINED ENTERED ON 11/22/2005
        Defendant's Attorney: WADE A RILEY

11/30/2005 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
        MOTION - MOTION TO CONTINUE FILED ON 11/22/2005
        DEC 7 2005 @ 2PM

12/05/2005 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
        MOTION - MOTION TO CONTINUE GRANTED ON 12/02/2005
        COURTLAND D PERRY II, JUDGE
        ATTY GASINK AND ATTY RILEY NOTIFIED BY PHONE 12/05/05

12/05/2005 TRIAL - BENCH CONTINUED ON 12/05/2005
        COURTLAND D PERRY II, JUDGE
        ON DEF MOTION TO CONTINUE

12/15/2005 HEARING - PRETRIAL/STATUS SCHEDULED FOR 02/28/2006 @ 1:00  in Room No.  1

12/15/2005 HEARING - PRETRIAL/STATUS NOTICE SENT ON 12/15/2005
        ATTY GASINK AND ATTY RILEY

03/01/2006 HEARING - PRETRIAL/STATUS HELD ON 02/28/2006
        WILLIAM R ANDERSON , JUDGE

03/01/2006 ORDER - SCHEDULING ORDER ENTERED ON 02/28/2006
        WILLIAM R ANDERSON , JUDGE
        ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES IN HAND
        TO ATTY GASINK AND ATTY RILEY

03/01/2006 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/01/2006

03/13/2006 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/09/2006

06/06/2006 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 05/17/2006

06/06/2006 Party(s):  DANIEL B MYSHRALL JR,JEAN MYSHRALL
        OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 05/17/2006

06/13/2006 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 07/19/2006 @ 1:00  in Room No.  2

06/13/2006 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 06/13/2006
ATTY GASINK AND ATTY RILEY

06/23/2006 Party(s):  JARED NIGHTINGALE, KIMBERLY NIGHTINGALE
MOTION - MOTION TO CONTINUE FILED ON 06/21/2006
Plaintiff's Attorney:  DONALD J GASINK
TMC SET FOR 7/19/06 @ 1PM

06/26/2006 Party(s):  JARED NIGHTINGALE, KIMBERLY NIGHTINGALE
MOTION - MOTION TO CONTINUE GRANTED ON 06/23/2006
MICHAEL N WESTCOTT , JUDGE

06/26/2006 HEARING - TRIAL MANAGEMENT CONFERENCE CONTINUED ON 06/23/2006
MICHAEL N WESTCOTT , JUDGE

06/28/2006 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 08/14/2006 @ 10:45  in Room No.  2

06/28/2006 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 06/28/2006
ATTY GASINK AND ATTY RILEY

08/16/2006 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 08/14/2006
PATRICIA  WORTH , JUDGE

08/16/2006 ORDER - PRETRIAL/STATUS ENTERED ON 08/14/2006
PATRICIA  WORTH , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
GASINK AND ATTY RILEY IN HAND

08/16/2006 Party(s):  JARED NIGHTINGALE, KIMBERLY NIGHTINGALE
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 08/14/2006
Plaintiff's Attorney:  DONALD J GASINK

10/19/2006 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 11/27/2006 @ 1:00  in Room No.  2

10/19/2006 HEARING - SETTLEMENT CONFERENCE NOTICE SENT ON 10/19/2006
ATTY GASINK AND ATTY RILEY

11/29/2006 HEARING - SETTLEMENT CONFERENCE NOT HELD ON 11/27/2006
RAE ANN  FRENCH , JUDGE
BOTH COUNSEL APPEARED AND AGREED THIS COULD NOT SETTLE.

11/29/2006 ORDER - ORDER OF ASSIGNMENT ENTERED ON 11/27/2006
RAE ANN  FRENCH , JUDGE
AUGSC, COPY IN HAND ATTY GASINK AND ATTY RILEY

11/29/2006 ORDER - ORDER OF ASSIGNMENT SENT ON 11/29/2006
AUGSC

04/17/2007 Party(s):  JARED NIGHTINGALE, KIMBERLY NIGHTINGALE
DISCOVERY FILING - DEPOSITION TRANSCRIPT FILED ON 04/17/2007
Plaintiff's Attorney:  DONALD J GASINK
OF MICHAEL TILLOTSON

04/18/2007 TRIAL - BENCH HELD ON 04/17/2007
DONALD H MARDEN , JUSTICE
Plaintiff's Attorney: DONALD J GASINK          Reporter: LISA BISHOP
ATTYS. PRESENT OPENING STATEMENTS TO THE COURT. PLAINTIFF CALLS JUANITA MCKENNEY, BRADY
PALMER, JARED NIGHTINGALE AND KIMBERLY NIGHTINGALE AS WITNESSES. PLAINTIFF RESTS.
DEFENDANT CALLS DANIEL MYSHRALL, SR. AS A WITNESS. ATTYS. TO SUBMIT MEMORANDUM WITHIN 15
DAYS. PLAINTIFF TO SUBMIT RESPONSE WITHIN 5 DAYS.

05/04/2007 Party(s): DANIEL B MYSHRALL JR,JEAN MYSHRALL
OTHER FILING - TRIAL BRIEF FILED ON 05/03/2007
CLOSING SUMMARY

05/04/2007 Party(s): JARED NIGHTINGALE,KIMBERLY NIGHTINGALE
OTHER FILING - TRIAL BRIEF FILED ON 05/04/2007
MEMORANDUM OF LAW

05/11/2007 Party(s): JARED NIGHTINGALE,KIMBERLY NIGHTINGALE
OTHER FILING - REPLY MEMORANDUM FILED ON 05/10/2007
Plaintiff's Attorney: DONALD J GASINK

06/13/2007 FINDING - JUDGMENT DETERMINATION ENTERED ON 06/11/2007
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

ORDER - COURT JUDGMENT ENTERED ON 06/11/2007
DONALD H MARDEN , JUSTICE
JUDGMENT FOR THE PLAINTIFFS; IT IS DECLARED THAT THE PLAINTIFFS' REAL PROPOERTY ON THE
WEST SIDE OF THE CEDAR GROVE ROAD IN THE TOWN OF PITTSTON AS ACQUIRED BY WARRANTY DEED OF
JOINT TENANCY FROM BRADY R PALMER DATED DECEMBER 24, 1998, AND RECORDED IN KENNEBEC
REGISTRY OF DEEDS BOOK 5826, PAGE 214,IS FREE AND CLEAR OF ANY RIGHT-OF-WAY, EASEMENT OR
RIGHT OF PASSAGE OF DEFENADANTS DANIEL B. MYSHRALL, JR. AND JEAN MYSHRALL; DEFENDANTS ARE
HEREBY PERMANENTLY ENJOINED FROM COMMITTING ANY FURTHER  FURTHER TRESPASS ON  LAND OF THE
PLAINTIFFS AT THE LOCATION SUBJECT TO THIS LITIGATION; A HEARING ON DAMAGES FOR THE
INTENITONAL AND WILLFUL TRESPASS BY DEFENDANTS ON PROPERTY OF THE PLAINTIFFS SHALL BE
SCHEDULED BY THE CLERK FOR THE COURT TO ENTER FINAL JUDGMENT.
                    COPIES MAILED TO ATTYS. OF RECORD.

06/13/2007 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 06/11/2007
COPIES MAILED TO GARBRECHT LAW LIBRARY, DEBORAH FIRESTONE AND DONALD GOSS

A TRUE COPY
ATTEST: _____
                    Clerk